■ RUTHANN HAYDEN et al., Respondents, v LAWRENCE GORDON, Appellant, et al., Defendants. [937 NYS2d 299]—

The plaintiff Ruthann Hayden (hereinafter Hayden) was diagnosed with adenoid cystic carcinoma of the right ear canal on June 13, 2007. Hayden, and her husband, suing derivatively, commenced this action to recover damages for medical malpractice against, among others, the appellant, Lawrence Gordon, an otolaryngologist, who treated her on October 10, 2005, and November 1, 2005. The complaint alleged, inter alia, that the appellant failed to perform further testing to determine the cause of her right ear complaints, resulting in a delayed diagnosis of cancer.

Under the circumstances presented, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion for leave to renew their opposition to the appellant's prior motion for summary judgment dismissing the amended complaint insofar as asserted against him, allowing the movants the opportunity to correct the technical defect of having submitted an affirmation rather than a sworn affidavit of their expert physician, who was not "authorized by law to practice in" New York as required by CPLR 2106 (*see* CPLR 2201, 2221 [e]; *Arkin v Resnick*, 68 AD3d 692, 694 [2009]; *DeLeonardis v Brown*, 15 AD3d 525, 526 [2005]; *Acosta v Rubin*, 2 AD3d 657, 658 [2003]; *Wester v Sussman*, 304 AD2d 656, 656-657 [2003]). Moreover, the Supreme Court did not improvidently exercise its discretion in considering the expert affidavit submitted by the plaintiffs, since there was no evidence that the failure to disclose the identity of their expert witness pursuant to CPLR 3101 (d) (1) (i) was intentional or willful, and there was no showing of prejudice to the appellant (*see Browne v Smith*, 65 AD3d 996 [2009]; *Hernandez-Vega v Zwanger-Pesiri Radiology Group*, 39 AD3d 710, 710-711 [2007]; *Simpson v Tenore & Guglielmo*, 287 AD2d 613 [2001]).

Upon renewal, the Supreme Court properly denied the appellant's motion for summary judgment. "The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (*DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *see Barnett v Fashakin*, 85 AD3d 832, 834 [2011]; *Guzzi v Gewirtz*, 82 AD3d 838 [2011]). On a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured

thereby (*see Wexelbaum v Jean*, 80 AD3d 756, 757 [2011]; *Roca v Perel*, 51 AD3d 757, 758-759 [2008]). "[T]o defeat summary judgment, the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing" (*Stukas v Streiter*, 83 AD3d 18, 24 [2011]). Thus, where a defendant in a medical malpractice action, in moving for summary judgment, makes only a prima facie showing that he or she did not deviate or depart from accepted medical practice, the plaintiff, in order to defeat summary judgment, need only raise a triable issue of fact as to the alleged deviation or departure, and need not address the issue of proximate cause (*id.* at 24-25).

Here, the appellant established his prima facie entitlement to judgment as a matter of law on the issue of deviation or departure from accepted medical practice through the submission of his own affidavit reciting his treatment of Hayden's right ear in October and November of 2005, and his opinions that she suffered from acute otitis externa (an infection of the exterior ear canal), a narrowed ear canal, and exostosis (an outgrowth of bone) in her right ear, that he properly diagnosed and treated her ear problems, and that he did not depart from accepted standards of care in failing to further investigate her ear problems (*see Guzzi v Gewirtz*, 82 AD3d at 838). In opposition, however, the plaintiffs' submissions raised a triable issue of fact as to whether the appellant's treatment of Hayden departed from accepted standards of medical practice (*id.*). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions. Such credibility issues can only be resolved by a jury" (*Feinberg v Feit*, 23 AD3d 517, 519 [2005] [citations omitted]; *see Graham v Mitchell*, 37 AD3d 408, 409 [2007]). The plaintiffs proffered the affidavit of an expert otolaryngologist, who opined that the appellant had departed from good and accepted practice in failing to order a CT scan or other diagnostic testing in October of 2005, and in failing to communicate his findings to the referring physician. The expert opined that Hayden's cancerous tumor was "slow growing" and "smaller" when the appellant examined her, and that earlier detection would have resulted in a more favorable prognosis. He also stated that the CT scan performed in May of 2007 showed no evidence of exostosis and that such bone growth does not resolve spontaneously. Accordingly, the plaintiffs' submissions raised triable issues of fact on the issue of deviation or departure from accepted medical practice (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

As to the element of proximate cause, the appellant failed to make a prima facie showing that any departures from accepted medical practice were not the cause of Hayden's injuries (*see Barnett v Fashakin*, 85 AD3d at 835; *Stukas v Streiter*, 83 AD3d at 24). The appellant's conclusory assertion in his affidavit that since neither he, nor any of the other physicians who examined Hayden before him, observed a tumor, it did not exist or was not detectable in October of 2005, was insufficient to meet his burden. Therefore, because the appellant failed to make a prima facie showing of entitlement to judgment as a matter of law on the element of proximate cause, the plaintiffs were not obligated to raise a triable issue of fact with respect to this element in their opposition papers (*see Stukas v Streiter*, 83 AD3d at 26).

The Supreme Court providently exercised its discretion in denying the appellant's motion for recusal, since the appellant failed to provide proof of any of the statutory grounds for disqualification under Judiciary Law § 14, and did not prove any bias or prejudice on the part of the Supreme Court Justice (*see Matter of MacKay v Johnson*, 54 AD3d 428 [2008]; *Vest v Vest*, 50 AD3d 776 [2008]). Dillon, J.P., Dickerson, Eng and Leventhal, JJ., concur.