■ YVONNE JENKINS, Appellant, v NORTH SHORE-LONG ISLAND JEWISH HEALTH SYSTEMS, INC., et al., Respondents, et al., Defendant. [41 NYS3d 119]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated October 10, 2014, which granted the motion of the defendants North Shore-Long Island Jewish Health Systems, Inc., and Guy Schwartz for summary judgment dismissing the complaint insofar as asserted against them, and denied her cross motion for leave to amend the bill of particulars.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this medical malpractice action alleging that the defendant Guy Schwartz, a neurologist at the defendant North Shore-Long Island Jewish Health Systems, Inc. (hereinafter together the North Shore defendants), injected her face with an excessive amount of Botox, which caused her to sustain various personal injuries. The North Shore defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In support of their motion, they submitted an affirmation of an expert neurologist who opined that Schwartz provided a dosage of Botox to the plaintiff that was appropriate to treat hemi-facial spasms on the left side of her face. The plaintiff opposed the motion and cross-moved for leave to amend the bill of particulars to add the allegation that Schwartz misdiagnosed her with Parkinson's disease. The plaintiff asserted that Schwartz administered an overdose of Botox to the plaintiff because he misdiagnosed her with Parkinson's disease. In support of her opposition and cross motion, the plaintiff submitted an affirmation by a plastic surgeon. The Supreme Court denied the cross motion and granted the motion.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying her cross motion for leave to amend the bill of particulars, as she offered no reasonable excuse for failing to move for that relief when she first became aware of the facts upon which the cross motion was predicated, and the North Shore defendants would have been prejudiced if leave to amend had been granted (see DeLaurentis v Orange Regional Med. Ctr.-Horton Campus, 117 AD3d 774, 775-776 [2014]; Schreiber-Cross v State of New York, 57 AD3d 881 [2008]).

The Supreme Court also properly granted the North Shore

defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The North Shore defendants established their prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the North Shore defendants' motion. Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.