Williams v Nanda (2019 NY Slip Op 08444)





Williams v Nanda


2019 NY Slip Op 08444


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-07749
 (Index No. 708054/14)

[*1]Lashal Williams, respondent, 
v
Deepak Nanda, etc., et al., appellants, et al., defendants.


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Nicholas Tam of counsel), for appellants.
The Pagan Law Firm, P.C., New York, NY (Tania M. Pagan of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Deepak Nanda, Debra Carter-Greene, and North Shore LIJ Medical Center appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered May 23, 2017. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Deepak Nanda, Debra Carter-Greene, and North Shore LIJ Medical Center.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendants Deepak Nanda, Debra Carter-Greene, and North Shore LIJ Medical Center (hereinafter collectively the appellants), inter alia, to recover damages for medical malpractice. The plaintiff alleged, among other things, that Nanda and Carter-Greene were negligent in their failure to timely diagnose and treat a placental abruption that resulted in the intrauterine demise of her fetus, which was at 28 weeks of gestation, and that North Shore LIJ Medical Center was vicariously liable for the actions of Nanda and Carter-Greene.
Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellants.
" The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury'" (Hayden v Gordon, 91 AD3d 819, 820, quoting DiMitri v Monsouri, 302 AD2d 420, 421). A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries (see Hernandez v Nwaishienyi, 148 AD3d 684, 686; Feuer v Ng, 136 AD3d 704, 706; Stukas v Streiter, 83 AD3d 18, 24). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519; see Lampe v Neurological Surgery, P.C., 173 AD3d [*2]996, 998).
The appellants met their prima facie burden for summary judgment through the affirmation of their expert, who averred that based upon his review of the medical records, Nanda and Carter-Greene's treatment of the plaintiff was within the appropriate standard of medical care and, in any event, that any alleged departures were not a proximate cause of the fetal demise (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). However, in opposition, the plaintiff raised a triable issue of fact through her expert's opinion that the appellants departed from the standard of care by failing, upon her presentation with sharp back and abdominal pain and other symptoms characteristic of placental abruption, to admit the plaintiff to the hospital for continuous fetal monitoring. In the opinion of the plaintiff's expert, such monitoring would have allowed the appellants to monitor the fetus for signs of distress and prompted them to deliver the fetus by emergency cesarean section. Further, the plaintiff's expert opined that a fetus at 28 weeks of gestation is viable and would have had a 90% chance of survival.
Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the appellants.
SCHEINKMAN, P.J., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court