Scopelliti v Westmed Med. Group (2021 NY Slip Op 02436)





Scopelliti v Westmed Med. Group


2021 NY Slip Op 02436


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-01082
 (Index No. 59774/17)

[*1]Josephine Scopelliti, etc., appellant,
v
Westmed Medical Group, et al., respondents.


Rheingold Giuffra Ruffo & Plotkin LLP, New York, NY (Edward A. Ruffo of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner, Daryl Paxson, and Daniel Lei of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated December 24, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to amend the complaint and bill of particulars to allege a new theory of liability.
ORDERED that the order is affirmed, with costs.
In August 2014, 70-year-old Dominick Scopelliti (hereinafter the decedent) was diagnosed with non-Hodgkin's lymphoma. At the same time, it was discovered that the decedent was an asymptomatic hepatitis B carrier. The decedent was referred to the defendant Alan H. Jaffe, a gastroenterologist, for management of his dormant hepatitis B virus during chemotherapy. Jaffe prescribed antiviral medication for a period of six months to prophylactically suppress the decedent's hepatitis B infection. The decedent underwent chemotherapy from September 2014 through December 2014.
In August 2015, the decedent experienced a reactivation of his hepatitis B infection and was referred back to Jaffe. Jaffe treated the decedent's hepatitis B infection on an out-patient basis from September 4, 2015, through September 23, 2015. On September 23, 2015, the decedent was admitted to White Plains Hospital and diagnosed with liver and kidney failure. On September 29, 2015, the decedent died due to multiple organ failure.
In June 2017, the plaintiff, the decedent's wife and the executor of his estate, commenced this action against Jaffe and his employer, the defendant Westmed Medical Group, alleging that the defendants failed to properly medicate and monitor the decedent in September 2015. A note of issue was served on July 11, 2018. In August 2018, the defendants moved for summary judgment dismissing the complaint. The plaintiff opposed the motion and cross-moved for leave to amend the complaint and bill of particulars to include allegations regarding the defendants' treatment of the decedent in 2014. In an order dated December 24, 2018, the Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Hayden v Gordon, 91 AD3d 819, 820 [internal quotation marks omitted]). "On a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (id. at 820-821; see DiLorenzo v Zaso, 148 AD3d 1111, 1112).
Where a defendant makes a prima facie showing on both elements, "the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element" (Stukas v Streiter, 83 AD3d 18, 25). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [internal quotation marks omitted]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting the affirmation of their expert, a board-certified gastroenterologist and transplant hepatologist, who opined, based upon his review of the medical records, the deposition testimony, and the pleadings, that the treatment provided by the defendants in September 2015 was in accordance with the accepted standard of care and that, in any event, any alleged departures were not a proximate cause of the decedent's organ failure or death (see Roye v Gelberg, 172 AD3d 1260, 1262; Brinkley v Nassau Health Care Corp., 120 AD3d 1287, 1289).
In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert, as it pertains to the treatment provided to the decedent in September 2015, was conclusory, speculative, and failed to address the specific assertions of the defendants' expert (see Graziano v Cooling, 79 AD3d 803, 805; Bourgeois v North Shore Univ. Hosp. at Forest Hills, 290 AD2d 525, 526).
The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the complaint and bill of particulars. "[O]nce discovery has been completed and the case has been certified as ready for trial, [a] party will not be permitted to amend the bill of particulars except upon a showing of special and extraordinary circumstances" (Anonymous v Gleason, 175 AD3d 614, 617 [internal quotation marks omitted]). The determination to permit or deny the amendment is committed to the sound and broad discretion of the trial court, and its determination will not lightly be set aside (see Park v Home Depot U.S.A., Inc., 183 AD3d 645, 646).
Here, the plaintiff failed to show special and extraordinary circumstances in seeking leave to amend the complaint and bill of particulars in response to the defendants' motion for summary judgment, one year and three months after the commencement of the action and more than two months after the filing of the note of issue. The plaintiff knew, or should have known, the facts that formed the basis for the new theory of liability prior to the close of discovery and offered no reasonable excuse for failing to explore this new theory earlier in the proceedings (see Jenkins v North Shore-Long Is. Jewish Health Sys., Inc., 144 AD3d 864). Moreover, as the defendants had no notice of the plaintiff's new theory of liability, permitting amendment of the pleadings at this late stage of the proceedings would prejudice the defendants (see Anonymous v Gleason, 175 AD3d at 617-618).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to amend the complaint and bill of particulars to allege a new theory of liability.
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court