Mendoza v Maimonides Med. Ctr. (2022 NY Slip Op 01297)





Mendoza v Maimonides Med. Ctr.


2022 NY Slip Op 01297


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-12194
 (Index No. 504108/13)

[*1]Brian Mendoza, etc., et al., appellants, 
v
Maimonides Medical Center, respondents, et al., defendant.


Sciretta & Ventrerina, LLP, Staten Island, NY (Antonia Sciretta of counsel), for appellants.
Vaslas Lepowsky Hauss & Danke LLP, Staten Island, NY (Karen Hauss of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ellen Spodek, J.), dated August 13, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants Maimonides Medical Center, Woman's Primary Care Services, Ambulatory Health Services, Hazel S. Farnum, and Veronica Chinyelu Omenka which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Georgina Carrillo received prenatal care at Maimonides Medical Center (hereinafter Maimonides) beginning in June 2003, and thereafter gave birth to the infant plaintiff at Maimonides in December 2003. In 2013, the infant plaintiff, by Carrillo, and Carrillo individually, commenced this action against Maimonides, Women's Primary Care Services, Ambulatory Health Services, Hazel S. Farnum, and Veronica Chinyelu Omenka (hereinafter collectively the defendants), among others, inter alia, to recover damages for medical malpractice. The complaint alleged, in sum, that the defendants were negligent in failing to provide the plaintiffs with proper obstetrical and pediatric care, which caused the infant plaintiff to suffer severe neurological and developmental delays. Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In opposition, the plaintiffs argued that the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against them. In an order dated August 13, 2018, the Supreme Court granted the defendants' motion. The plaintiffs appeal from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them.
"'The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury'" (Hayden v Gordon, 91 AD3d 819, 820, quoting DiMitri v Monsouri, 302 AD2d 420, 421). "On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the [*2]defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863, 864). Where a defendant makes a prima facie showing on both elements, "the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element" (Stukas v Streiter, 83 AD3d 18, 25). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [internal quotation marks omitted]).
Here, contrary to the plaintiffs' contention, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against them through the submission of, inter alia, the expert affirmations of an obstetrician/gynecologist and a pediatric neurologist, which demonstrated that the obstetrical and pediatric care provided to the plaintiffs was within the accepted standards of care, and that the treatment provided did not cause the claimed injuries to the infant plaintiff (see Roye v Gelberg, 172 AD3d 1260, 1262; Brinkley v Nassau Health Care Corp., 120 AD3d 1287, 1289).
In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs did not submit an expert affidavit regarding the obstetrical care provided and thus failed to rebut the defendants' prima facie showing of entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against them to the extent that it is premised on alleged departures from accepted obstetrical practice (see Cohen v Lebgutt Realty, LLC, 158 AD3d 740, 741). The affirmation of the expert pediatrician that the plaintiffs did submit failed to address the specific assertions raised by the defendants' expert pediatric neurologist, and improperly raised a new theory of liability for the first time in opposition to the defendants' motion (see Mellon v Ribaudo, 199 AD3d 675; Michel v Long Is. Jewish Med. Ctr., 125 AD3d 945, 946; Graziano v Cooling, 79 AD3d 803, 805).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them.
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court