Fairchild v Lerner (2024 NY Slip Op 03733)

Fairchild v Lerner

2024 NY Slip Op 03733

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-02497
 (Index No. 63255/18)

[*1]David Fairchild, et al., appellants, 
v
Seth Lerner, et al., respondents.

Meagher & Meagher, P.C., White Plains, NY (Keith J. Clarke of counsel), for appellants.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner of counsel), for respondents Seth Lerner, Aaron Hagge-Greenburg, and White Plains Hospital Medical Center.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci and Alan Friedberg of counsel), for respondents Charles Glassman and Westchester Urological Associates, P.C.

DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated March 28, 2022. The order granted the separate motions of the defendants Seth Lerner, Aaron Hagge-Greenburg, and White Plains Hospital Medical Center, and the defendants Charles Glassman and Westchester Urological Associates, P.C., for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
In March 2017, the defendant Seth Lerner performed a prostatectomy on the plaintiff David Fairchild (hereinafter the injured plaintiff) at the defendant White Plains Hospital Medical Center (hereinafter the hospital). The defendant Aaron Hagge-Greenburg assisted in the surgery. During the surgery, Lerner used Hem-o-Lok clips to control bleeding. The clips were intentionally left in the injured plaintiff's body, and they were intended to remain there permanently.
Over a period of approximately eight months following the surgery, the injured plaintiff repeatedly presented to Lerner and the defendant Charles Glassman with complaints of pain while urinating and difficulty emptying his bladder. The injured plaintiff underwent multiple cystoscopy procedures, which involve visualization of the bladder by way of a camera inserted through the urethra, and multiple dilation procedures. In November 2017, the injured plaintiff presented to Lerner, whereupon a cystoscopy revealed a foreign object in the injured plaintiff's bladder. This object was removed and determined to be a Hem-o-Lok clip. Following the removal of the clip, the injured plaintiff continued to present to Lerner for pain while urinating and urinary retention, and subsequently treated with a nonparty urologist for these symptoms.
The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice and lack of informed consent. The plaintiffs alleged, among other things, that the defendants committed medical malpractice by failing to timely identify the Hem-o-Lok clip as causing or contributing to the injured plaintiff's symptoms. Following the completion of discovery, Lerner, Hagge-Greenburg, and the hospital (hereinafter collectively the hospital defendants), and Glassman and the defendant Westchester Urological Associates, P.C. (hereinafter together the Glassman defendants), separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated March 28, 2022, the Supreme Court granted the motions. The plaintiffs appeal.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Mendoza v Maimonides Med. Ctr., 203 AD3d 715, 716 [internal quotation marks omitted]). "'When moving for summary judgment, a defendant . . . has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby'" (J.P. v Patel, 195 AD3d 852, 853, quoting Dixon v Chang, 163 AD3d 525, 526-527). "'In order to sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars'" (Anonymous v Gleason, 175 AD3d 614, 617, quoting Schwartzberg v Huntington Hosp., 163 AD3d 736, 737). It is then "the plaintiff's burden to raise a triable issue of fact regarding the element or elements on which the defendant has made its prima facie showing" (Templeton v Papathomas, 208 AD3d 1268, 1270 [internal quotation marks omitted]; see Stukas v Streiter, 83 AD3d 18, 24).
"'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Gilmore v Mihail, 174 AD3d 686, 687, quoting Feinberg v Feit, 23 AD3d 517, 519). "'General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion'" (Mendoza v Maimonides Med. Ctr., 203 AD3d at 716-717, quoting Myers v Ferrara, 56 AD3d 78, 84). "Rather, the plaintiff's expert must specifically address the defense expert's allegations" (J.P. v Patel, 195 AD3d at 854).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the medical malpractice cause of action. In support of their motion, the hospital defendants submitted an affirmation from their expert in urology, who opined that the hospital defendants did not depart from good and accepted standards of medical practice and that nothing they did or did not do proximately caused the injured plaintiff's injuries. Among other things, their expert opined that the performance of cystoscopies was appropriate and that the standard of care did not require them to refer the injured plaintiff to a reconstructive urological surgeon or recommend other immediate surgical interventions beyond cystoscopies and dilations because such procedures would have exacerbated the injured plaintiff's symptoms. The expert further opined that the injured plaintiff's symptoms were "well-recognized risks of the prostatectomy" and were not related to the placement of the Hem-o-Lok clip. Similarly, in support of their motion, the Glassman defendants submitted an affirmation from their expert in urology, who opined that Glassman's treatment of the injured plaintiff, including the performance of cystoscopies and dilation procedures, was in accord with accepted standards of urologic practice, that any delay in discovering the clip between the time Glassman treated the injured plaintiff in November 2017 and the time Lerner discovered the clip four days later did not impact the injured plaintiff's injuries, and that Glassman's treatment of the injured plaintiff did not proximately cause any injury to him (see Gilmore v Mihail, 174 AD3d at 687).
In opposition, the plaintiffs failed to raise a triable issue of fact (see id.). In particular, the plaintiffs' expert failed to sufficiently address the assertions of the defendants' experts that the clip was not the cause of the injured plaintiff's symptoms prior to November 2017 because Lerner and Glassman documented during prior cystoscopies that no foreign bodies were observed. Furthermore, although the plaintiffs' expert opined that Lerner and Glassman should have "change[d] the course" of the injured plaintiff's postoperative treatment, the expert did not address the assertions of the defendants' experts that the alternative to dilation procedures would have been [*2]a major surgery, which would have been inappropriate. Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the medical malpractice cause of action insofar as asserted against each of them.
"To establish a cause of action [alleging] malpractice based on lack of informed consent, [a] plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (Pirri-Logan v Pearl, 192 AD3d 1149, 1151 [internal quotation marks omitted]; see Public Health Law § 2805-d). "'The mere fact that the plaintiff signed a consent form does not establish the defendants' prima facie entitlement to judgment as a matter of law'" (Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795, 797, quoting Schussheim v Barazani, 136 AD3d 787, 789).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent by submitting the affirmations of their expert physicians, the injured plaintiff's medical records, including certain signed consent forms, and the parties' deposition testimony. With respect to the cystoscopy and dilation procedure that Glassman performed in June 2017, the Glassman defendants' expert opined that this procedure was the only practical procedure available to relieve the extreme pain the injured plaintiff was then experiencing, and thus, a reasonable person in the injured plaintiff's position would have consented to the procedure if fully informed of the reasonably foreseeable risks. This opinion was supported by evidence that approximately five months later, when suffering from similar symptoms, the injured plaintiff again sought out Glassman to perform the same procedure. Additionally, the Glassman defendants' expert opined that the June 2017 procedure did not cause any injury to the injured plaintiff. In opposition, the affirmation of the plaintiffs' expert failed to raise a triable issue of fact, as, among other things, it did not address these assertions. Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against each of them.
Since none of the injured plaintiff's causes of action are viable against any of the defendants, the derivative cause of action asserted on behalf of the injured plaintiff's wife cannot be maintained (see Flanagan v Catskill Regional Med. Ctr., 65 AD3d 563, 567).
IANNACCI, J.P., MALTESE, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court