D'Angelo v Kujawski (2024 NY Slip Op 05200)

D'Angelo v Kujawski

2024 NY Slip Op 05200

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2021-01335
 (Index No. 620413/16)

[*1]Rose D'Angelo, etc., appellant,
v
Mark C. Kujawski, et al., respondents, et al., defendant.

Manners & Malone, PLLC, Westbury, NY (Randall K. Malone of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Christopher Russo of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated January 14, 2021. The order, insofar as appealed from, granted the cross-motion of the defendants Mark C. Kujawski and Kujawksi & Kujawski for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against Mark C. Kujawski, Kujawski & Kujawski (hereinafter the Kujawski firm, and together with Mark C. Kujawski, the defendants), and another defendant to recover damages for legal malpractice. The plaintiff alleged, inter alia, that an SF-95 form prepared by the Kujawski firm on her behalf in connection with a medical malpractice action that she filed pro se in the United States District Court for the Eastern District of New York on behalf of her deceased son (hereinafter the decedent) was inadequate because the SF-95 form made no reference to medication as a contributing factor in the decedent's death. After issue was joined in this action, the plaintiff moved for summary judgment on the issue of liability based upon the affirmation of her medical expert who opined that the decedent's death was caused by a "narcotic-type overdose, which led to progressive respiratory depression." The defendants cross-moved for summary judgment dismissing the amended complaint insofar as asserted against them, submitting, among other things, an affidavit and an affirmation of two physicians, both of whom examined the decedent's medical records and reached a contrary conclusion to the plaintiff's expert. In an order dated January 14, 2021, the Supreme Court, inter alia, granted the defendants' cross-motion. The plaintiff appeals.
To sustain a cause of action for legal malpractice, the plaintiff must show that the defendant "'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages'" (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49, quoting Dombrowski v Bulson, 19 NY3d 347, 350). "An [*2]attorney's conduct or inaction is the proximate cause of a plaintiff's damages if 'but for' the attorney's negligence 'the plaintiff would have succeeded on the merits of the underlying action'" (id. at 50, quoting AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 434), "or would not have sustained 'actual and ascertainable' damages" (id., quoting Dombrowski v Bulson, 19 NY3d at 350). A defendant seeking summary judgment dismissing a legal malpractice cause of action has the burden of establishing that he or she did not fail to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, or that the claimed departure did not proximately cause the plaintiff to sustain damages (see Bakcheva v Law Offs. of Stein & Assocs., 169 AD3d 624, 625).
"On a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Hayden v Gordon, 91 AD3d 819, 820-821). "Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden" (Gillespie v New York Hosp. Queens, 96 AD3d 901, 902 [citation omitted]; see Donnelly v Parikh, 150 AD3d 820, 822). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84).
The defendants established, prima facie, that the plaintiff could not have prevailed in the underlying medical malpractice action based upon the opinions of their two experts. The defendants' experts opined that Zofran, which was administered to the decedent before his death, did not contribute to the decedent's death. The defendants' experts further opined that the decedent suffered from multiple ailments, including chronic pain syndrome, spent most of his time in bed, and was on "long-term opiate therapy" for his pain condition, which rendered him highly tolerant of both fentanyl and oxycodone. One of the defendants' experts averred that the plaintiff had been "receiving exactly the same dose and timing of both fentanyl and oxycodone that he [had been] taking outside of the hospital" for many years. The defendants' experts further noted that the administration of Narcan when the decedent coded was not evidence that he was suffering from a drug overdose, since a patient in cardiac and/or respiratory arrest will commonly be given Narcan just in case narcotics are contributing to his or her condition as Narcan does no harm. Therefore, the defendants established, prima facie, that the plaintiff's claims in the underlying medical malpractice action were not viable based upon proof that the decedent's condition was not the result of an overdose of narcotic drugs.
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's expert never attempted to refute the opinion of the defendants' experts that Zofran did not contribute to the decedent's death. Further, the plaintiff's expert never addressed the contention of the defendants' experts that patients who have been prescribed opiates are given Narcan if they go into coronary pulmonary arrest just in case the opiates are contributing to the condition since Narcan does no harm. Since the plaintiff's expert failed to address the specific assertions of the defendants' experts, the plaintiff failed to raise a triable issue of fact as to whether the plaintiff had viable claims in the underlying medical malpractice action (see Scopelliti v Westmed Med. Group, 193 AD3d 1009, 1011).
Accordingly, since the opinion of the plaintiff's expert that the plaintiff had a viable claim was "conclusory in nature and not supported by available facts," and was not sufficient to rebut the defendants' prima facie showing that the plaintiff could not have prevailed in the underlying medical malpractice action, the Supreme Court properly granted the defendants' cross-motion for summary judgment dismissing the amended complaint insofar as asserted against them.
DUFFY, J.P., BARROS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court