EVA G. KELMAN, Respondent, v. HERBERT WILEN, Appellant.— Action in trespass for cutting down and carrying away planted trees and shrubs. It appears that the parties heretofore entered into an agreement by oral stipulation in open court whereunder the defendant would convey to plaintiff a tract of vacant land for a consideration of $500. The agreement was silent as to the time at which plaintiff might have possession. The complaint alleges that after making the agreement the land was surveyed, that plaintiff planted trees and shrubs thereon, that defendant cut down and carried away the plantings, that subsequently plaintiff caused a payment of $500 and a proposed deed to be delivered to defendant, and that defendant has neither returned the payment nor the executed deed. The complaint asks damages for treble the value of the trees and shrubs. Defendant moved under subdivision 4 of rule 106 of the Rules of Civil Practice to dismiss the complaint as insufficient to allege a cause of action for trespass or to dismiss under subdivision 7 of rule 107 on the ground that the contract is unenforcible under the Statute of Frauds. Order denying the motion reversed on the law, with $10 costs and disbursements, and motion granted, without costs, on the ground that the complaint fails to allege facts establishing plaintiff's right to possession. It is conceded that the action is in trespass and that possession is an essential element of the cause of action. The Special Term held that under the rule that a pleader is entitled to the favorable inferences of his pleading, the allegation, that the plaintiff planted the trees and shrubs, is sufficient to allege possession. The agreement was silent as to any rights of possession in plaintiff prior to the delivery of the title. We are of opinion that the rule of favorable inferences cannot be operated to supply an essential element that is missing from the pleading, and that

nowhere in the complaint are facts alleged from which it could be found that plaintiff had actual possession or was entitled to possession at the time of the plantings. The alternative motion made on the ground that the agreement is unenforcible under the Statute of Frauds (Real Property Law, § 259; Rules Civ. Prac., rule 4) need not be passed upon in view of the foregoing determination. Adel, Acting P. J., Wenzel, Schmidt and Murphy, JJ., concur. Beldock, J., dissents and votes to affirm, with the following memorandum: I construe this cause of action, not as one in trespass, but as one for the unlawful and willful destruction or injury to property, under section 1433 of the Penal Law. Under such a cause of action, it is not necessary that plaintiff have title to the real property or the right to possession, as might be required in an action in trespass. It is necessary only that plaintiff have title to the trees and shrubs that were allegedly destroyed by defendant. There is sufficient allegation of title of plaintiff in such trees and shrubs by the allegation that plaintiff planted them. The alternative motion to dismiss under the Statute of Frauds must be denied; this is not an action founded on contract.