■ JOHN FIRMENT, Respondent, v LYNN BRYDEN, Defendant-Appellant and Third-Party Plaintiff. DELAWARE COUNTY ELECTRIC COOPERATIVE, INC., Third-Party Defendant.—Appeal from a judgment of the County Court of Delaware County in favor of plaintiff, entered December 23, 1975, upon a decision of the court at a Trial Term, without a jury. The subject matter of this appeal is a cause of action in trespass wherein plaintiff seeks to recover damages for debris which defendant caused to be placed upon a portion of plaintiff's land and for defendant's removal of certain surveyor's pins on the land. After a trial of the issue, the County Court granted plaintiff a judgment of $468 plus interest and costs. Admitting that he caused the piling of the debris and the disturbance of the surveyor's pins, defendant contends on this appeal that plaintiff failed to make out a prima facie case of trespass by establishing paper title or possession of the parcel in question. We disagree. From the record it is clear that plaintiff entered upon certain lands in 1956 under a written agreement purporting to convey an entire farm, including the subject parcel, and that he proceeded to conduct a dairy operation thereon. He further drew water from a spring on the parcel by means of a pipe for use in his barn and had a survey conducted which included the disputed area within his boundaries. Following the survey, he cut brush around the main surveyor's pin on the parcel to keep it clear. Upon such factors as these, we conclude that plaintiff has plainly established his possession of the land sufficient to make out a prima facie case of trespass *(Donohue v Whitney,* 133 NY 178). Moreover, even though defendant may have occasionally grazed his cows on the parcel, this fact is insufficient to create in him a right of possession superior to plaintiff's by means of adverse possession. Any possession which defendant had was neither exclusive nor continuous (see *Bradt v Giovannone,* 35 AD2d 322). Judgment affirmed, with costs. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.