■ NIAGARA FALLS REDEVELOPMENT, LLC, Respondent, v ARMAND CERRONE, INC., Also Known as CERRONE TRUCKING COMPANY, Appellant. [814 NYS2d 427]—

Appeal from an amended order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered January 14, 2005. The amended order, insofar as appealed from, upon reargument, denied defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the amended order insofar as appealed from be and the same hereby is unanimously reversed on the law with costs, the cross motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action alleging that defendant had trespassed on property that was equitably owned by plaintiff and seeking damages for defendant's alleged trespass. It is undisputed that defendant removed trees and an earthen berm around the perimeter of that property pursuant to a subcontract with third-party defendant. Supreme Court erred in denying defendant's cross motion for summary judgment dismissing the complaint on the ground that, at the time of the trespass set forth in the complaint, plaintiff was merely the holder of an option to purchase the property and thus lacks standing to bring this action for trespass. "An option is an exclusive privilege to buy and a contract for an option is the agreement by which the privilege is created. . . . It neither transfers, nor agrees to transfer title to property, but confers the bare right to accept an offer within the time limited and upon the terms provided. No obligation is assumed by the holder of an option and no promise is made in the contract therefor except by the one making the offer or granting the privilege" (*Benedict v Pincus*, 191 NY 377, 382 [1908]). "[P]ossession is an essential element of [a trespass] action" (*Kelman v Wilen*, 283 App Div 1113, 1113 [1954]; *see also Firment v Bryden*, 54 AD2d

796 [1976]), and plaintiff had no right of possession with respect to the property as the mere holder of an option to purchase it. Although there was ongoing litigation between plaintiff and the City of Niagara Falls (City) concerning plaintiff's alleged exercise of the option to purchase the property, plaintiff does not dispute that it did not have title to the property at the time of the alleged trespass, and any assertion by plaintiff that it was the "equitable owner" at that time is belied by the City's rejection of all ownership claims by plaintiff to the property during the period in which defendant was working there. Moreover, we note that plaintiff's litigation with the City was settled months after defendant's alleged trespass, and the City did not assign to plaintiff any right to seek damages arising from the alleged trespass. Present—Gorski, J.P., Martoche, Smith and Pine, JJ.