■ PETER MASSARE et al., Respondents, v BRIAN DI NARDO et al., Appellants. [830 NYS2d 395]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered December 30, 2005. The order, insofar as appealed from, denied in part defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action alleging, inter alia, that defendants breached the parties' lease agreement and asserting, inter alia, trespass as a first cause of action and breach of the covenant of quiet enjoyment as a second cause of action. Contrary to the contention of defendants, Supreme Court properly denied those parts of their motion for summary judgment dismissing the first and second causes of action. Even assuming, arguendo, that defendants met their initial burden with respect to those two causes of action, we conclude that plaintiffs raised issues of fact to defeat those parts of the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In particular, there are issues of fact whether, as defendants contend, the parties entered into an agreement to terminate the lease and whether plaintiffs were in actual possession of the apartment. Contrary to defendants' contention, the physical presence of plaintiffs at the premises at the time of the alleged lockout by defendants was not required in order to withstand that part of defendants' motion for summary judgment dismissing the cause of action for trespass and the treble damages under RPAPL 853 sought therein. Plaintiffs may recover under that cause of action provided that they had actual possession of the premises pursuant to a valid lease and had not abandoned the premises (see Gold v Schuster, 264 AD2d 547, 550 [1999]). We further conclude with respect to the first cause of action that the court properly denied that part of defendants' motion for summary judgment dismissing the claim for punitive damages therein (see generally Ligo v Gerould, 244 AD2d 852, 853 [1997]). With respect to the second cause of action, for breach of the covenant of quiet enjoyment, there is an issue of

fact whether defendants wrongfully ousted plaintiffs from their physical possession of the premises by changing the locks (*see Hidden Ponds of Ontario v Hresent* [appeal No. 2], 209 AD2d 1025, 1026-1027 [1994]). Present—Scudder, J.P., Martoche, Centra and Pine, JJ.