■ JULIA PROPERTIES, LLC, Respondent, v NORMAN LEVY, Appellant, et al., Defendants. [28 NYS3d 428]—

In an action, inter alia, to recover damages for trespass, the defendant Norman Levy appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), dated March 13, 2014, which denied his cross motion, among other things, for summary judgment dismissing the cause of action alleging trespass insofar as asserted against him.

Ordered that the order is affirmed, with costs.

In July 2009, the plaintiff, Julia Properties, LLC, entered into a lease agreement with nonparty William Morgan to lease certain real property owned by Morgan. The lease provided that the "Commencement Date shall mean when Landlord shall complete construction and obtain[ ] a [certificate of occupancy] . . . or when the premises are otherwise habitable." The plaintiff contends that in July 2010, the defendant Norman Levy (hereinafter the appellant), who possessed a right-of-way over a portion of the property to access a dock, engaged in criminal conduct on the property, including intentionally using the wheels of his truck to launch stones at a home on the property, which was occupied by nonparty Thomas B. Decea, the managing member of the plaintiff, and Decea's family.

The plaintiff commenced this action, inter alia, to recover damages for trespass. The appellant cross-moved, among other things, for summary judgment dismissing the cause of action alleging trespass insofar as asserted against him. The appellant argued, inter alia, that the plaintiff lacked standing to assert that cause of action since it had no right of possession at the time of the alleged trespass in July 2010, inasmuch as the "Commencement Date" of the plaintiff's lease could not have occurred prior to October 2010 when a certificate of occupancy was issued for the property. The appellant also argued that he was entitled to summary judgment dismissing the cause of ac-

tion alleging trespass insofar as asserted against him since he possessed a right-of-way to enter the subject property, and the plaintiff sustained no damages from the alleged trespass. In an order dated March 13, 2014, the Supreme Court denied the appellant's cross motion.

Contrary to the appellant's contention, the Supreme Court properly denied that branch of his cross motion which was for summary judgment dismissing the cause of action alleging trespass insofar as asserted against him. "The essential elements of a cause of action sounding in trespass are the intentional entry onto the land of another without justification or permission" (*Korsinsky v Rose*, 120 AD3d 1307, 1309-1310 [2014]). Here, the appellant failed to make a prima facie showing that the plaintiff did not have a right of possession to the subject property pursuant to the lease agreement at the time of the alleged trespass (*see Massare v Di Nardo*, 35 AD3d 1157 [2006]; *cf. Niagara Falls Redevelopment, LLC v Armand Cerrone, Inc.*, 28 AD3d 1138, 1138-1139 [2006]). The lease expressly provided that the "Commencement Date shall mean when Landlord shall complete construction and obtain[ ] a [certificate of occupancy] . . . *or when the premises are otherwise habitable*" (emphasis added). The appellant failed to eliminate all triable issues of fact as to whether the property was "otherwise habitable" as of July 2010, notwithstanding the lack of a certificate of occupancy, inasmuch as Decea testified at his deposition that the property was "ready for occupancy" and the plaintiff began paying rent in December 2009, and the evidence showed that the property was being occupied at least as of May 2010.

The appellant also failed to make a prima facie showing of entitlement to judgment as a matter of law dismissing the cause of action alleging trespass insofar as asserted against him based on his right-of-way to enter the subject property. As a general rule, "[a]n action for trespass may not be maintained where the alleged trespasser has an easement over the land in question" (*Mangusi v Town of Mount Pleasant*, 19 AD3d 656, 657 [2005]). However, this general principle "is true only when the scope of the easement has not been exceeded" (*Gates v AT&T Corp.*, 100 AD3d 1216, 1220 [2012]). Here, the appellant failed to eliminate all triable issues of fact as to whether his alleged criminal conduct on the property exceeded the scope of his right-of-way over a portion of the property to access the dock (*see Matter of Foster v Town Bd. of Bethel*, 112 AD3d 1026, 1028 [2013]; *Gates v AT&T Corp.*, 100 AD3d at 1220; *Curwin v Verizon Communications [LEC]*, 35 AD3d 645, 645-646 [2006]).

Additionally, the appellant failed to make a prima facie showing that the plaintiff sustained no damages from the alleged trespass because it did not own the subject property or expend any money to repair the alleged property damage. Since " '[t]he essence of trespass to real property is injury to the right of possession' " (*Gates v AT&T Corp.*, 100 AD3d at 1220, quoting *Bloomingdales, Inc. v New York City Tr. Auth.*, 13 NY3d 61, 66 [2009]), the mere fact that the plaintiff expended no money to repair any damage to the property does not warrant dismissal of the cause of action alleging trespass (*see Ivory v International Bus. Machines Corp.*, 116 AD3d 121, 132 [2014]; *Gates v AT&T Corp.*, 100 AD3d at 1220; *Shiffman v Empire Blue Cross & Blue Shield*, 256 AD2d 131 [1998]). Moreover, the plaintiff may be entitled to recover "consequential damages such as . . . damages caused by discomfort and inconvenience" (*Volunteer Fire Assn. of Tappan, Inc. v County of Rockland*, 101 AD3d 853, 856 [2012]).

Since the appellant failed to make a prima facie showing of entitlement to judgment as a matter of law dismissing the cause of action alleging trespass insofar as asserted against him, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions either are not properly before us, are without merit, or need not be reached in light of our determination.

Accordingly, the Supreme Court properly denied the appellant's cross motion, inter alia, for summary judgment dismissing the cause of action alleging trespass insofar as asserted against him. Chambers, J.P., Austin, Sgroi and Duffy, JJ., concur.