Pawelski v Osczepinski (2021 NY Slip Op 01781)





Pawelski v Osczepinski


2021 NY Slip Op 01781


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-12735 
2018-12737
2018-12738
 (Index No. 8401/15)

[*1]Christopher J. Pawelski, et al., appellants,
v
Stanley Osczepinski, et al., respondents, et al., defendant.


Sussman and Associates, Goshen, NY (Michael H. Sussman and Jonathan R. Goldman of counsel), for appellants.
Gurda, Brady & Associates, Middletown, NY (Christopher E. Gurda of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for injunctive relief and to recover damages for trespass, the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Gretchen Walsh, J.), dated February 8, 2016, (2) a decision of the same court dated July 6, 2018, and (3) a judgment of the same court dated August 9, 2018. The judgment, insofar as appealed from, upon the decision, made after a nonjury trial, in effect, is in favor of the defendants Stanley Osczepinski and Mark Rogowski and against the plaintiffs dismissing so much of the third cause of action as alleged that those defendants trespassed upon the plaintiffs' property by constructing a retaining wall and access road and sought injunctive relief in connection with that alleged trespass.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants Stanley Osczepinski and Mark Rogowski.
The appeal from the order dated February 8, 2016, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). In addition, the appeal from that order must be dismissed as abandoned since the plaintiffs did not raise any argument in their brief with respect to their appeal from that order.
The defendants Stanley Osczepinski and Mark Rogowski (hereinafter together the defendants) have a 20-foot right-of-way easement over the plaintiffs' property. The defendants [*2]constructed a retaining wall on parts of the right-of-way that ran through a ditch on the property and constructed an access road on the right-of-way. The plaintiffs commenced this action seeking, inter alia, injunctive relief for trespass based on the defendants' construction of the retaining wall and access road. After a nonjury trial, the Supreme Court found that the defendants' construction of the retaining wall and access road did not exceed the right-of-way or trespass on the plaintiffs' property. The plaintiffs appeal.
In reviewing a determination made after a nonjury trial, this Court's power is as broad at that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
Trespass is the invasion of a property owner's interest in the exclusive possession of land, and therefore, there is no cause of action alleging trespass over the lands of a property owner where the purported trespasser has acquired an easement over the property in question unless the scope of the easement has been exceeded (see Julia Props., LLC v Levy, 137 AD3d 1224, 1225).
Here, the facts adduced at trial warranted the Supreme Court's finding that the defendants established that the construction of the retaining wall and access road was within the bounds of the right-of-way, was necessary to make the right-of-way traversable, and did not damage the plaintiffs' property. Accordingly, we find no reason to disturb the court's determination that the subject construction did not exceed the scope of the right-of-way (see Missionary Socy. of Salesian Congregation v Evrotas, 256 NY 86, 90-91; Hoeffner v John F. Frank, Inc., 302 AD2d 428, 430).
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court