Clarke v New York City Health & Hosps. (2022 NY Slip Op 06106)

Clarke v New York City Health & Hosps.

2022 NY Slip Op 06106

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-14233
 (Index No. 509348/17)

[*1]Maria Lewell Clarke, etc., et al., respondents,
v
New York City Health and Hospitals, appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jeremy W. Schweder and Kate Fletcher of counsel), for appellant.
Weitz & Luxenberg, P.C., New York, NY (Pierre A. Ratzki and Josh McMahon of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, wrongful death, and lack of informed consent, the defendant appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated November 13, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging lack of informed consent, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On February 12, 2016, Wendy Vaughns-Lewell (hereinafter the decedent) underwent a laparoscopic cholecystectomy at Woodhull Medical and Mental Health Center (hereinafter Woodhull), which is owned and operated by the defendant, New York City Health and Hospitals Corporation. The decedent was discharged the same day. The following day, the decedent was transported to the emergency department at Woodhull with complaints of abdominal and chest pain exacerbated by breathing. After the decedent was evaluated and testing was performed, a diagnosis of pulmonary embolism was ruled out. The decedent was diagnosed with pleuritic chest pain and discharged. On February 21, 2016, the decedent died as the result of a pulmonary embolism.
The plaintiffs, as co-administrators of the decedent's estate, commenced this action to recover damages for medical malpractice, wrongful death, and lack of informed consent. The defendant moved for summary judgment dismissing the complaint. By order dated November 13, 2019, the Supreme Court denied the motion. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly denied those branches of its motion which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death. "The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Hayden v Gordon, 91 AD3d 819, 820 [internal quotation marks omitted]; see Scopelliti v Westmed Med. Group, 193 AD3d 1009, 1010). "On a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant . . . has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Hayden v Gordon, 91 AD3d at 820-821; see Scopelliti v [*2]Westmed Med. Group, 193 AD3d at 1010). Once a defendant makes a prima facie showing, "the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact" as to the elements on which the defendant met the prima facie burden (Donnelly v Parikh, 150 AD3d 820, 822 [internal quotation marks omitted]; see Powell v Singh, 199 AD3d 946, 947).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging medical malpractice and wrongful death by submitting, among other things, the decedent's medical records and the affirmations of three experts, who were board certified in general surgery, internal medicine, and diagnostic radiology, respectively. The defendant's experts opined that the care and treatment rendered to the decedent did not deviate from the accepted standard of medical care. Further, the defendant's internist opined that the treatment rendered to the decedent did not proximately cause her injuries and death (see Maestri v Pasha, 198 AD3d 632, 632; Wiater v Lewis, 197 AD3d 782, 783-784).
In opposition, however, the plaintiffs' expert affirmation raised triable issues of fact as to whether the care rendered to the decedent departed from the accepted standard of medical care and whether the alleged departures caused the decedent's injuries and death (see Wiater v Lewis, 197 AD3d at 784). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519; see Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 860). "Such credibility issues can only be resolved by a jury" (Feinberg v Feit, 23 AD3d at 519; see Wiater v Lewis, 197 AD3d at 782-783).
However, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging lack of informed consent as the plaintiffs failed to address or specifically oppose that branch of the motion (see Elstein v Hammer, 192 AD3d 1075, 1079-1080; Spiegel v Beth Israel Med. Ctr.-Kings Hwy. Div., 149 AD3d 1127).
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court