Kielb v Bascara (2023 NY Slip Op 03226)

Kielb v Bascara

2023 NY Slip Op 03226

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-07268
 (Index No. 519967/18)

[*1]Kamil Kielb, etc., appellant, 
v
Bayani Bascara, etc., et al., respondents.

Zucker & Regev, P.C., Brooklyn, NY (Aaron M. Ser of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner, Barbara Graves-Poller, and Amanda Abata of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated August 28, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On February 2, 2018, the plaintiff's decedent Leszek Kielb (hereinafter the decedent) arrived at the emergency department of Coney Island Hospital (hereinafter the hospital) with a chief complaint of back pain that radiated to his right leg. The decedent was evaluated by the defendant Bayani Bascara, who diagnosed him with degenerative disease of the spine. The next morning, having never left the hospital after being discharged, the decedent died of a heart attack in the emergency department. The plaintiff, as administrator of the decedent's estate, commenced this action against Bascara and the defendant New York City Health and Hospitals Corporation to recover damages for medical malpractice and wrongful death. The defendants moved for summary judgment dismissing the complaint. In an order dated August 28, 2020, the Supreme Court granted the defendants' motion. The plaintiff appeals.
The Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. "The elements of a medical malpractice cause of action are a deviation or departure 'from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries'" (DiLorenzo v Zaso, 148 AD3d 1111, 1112, quoting Stukas v Streiter, 83 AD3d 18, 23). To prevail on a motion for summary judgment in a medical malpractice action, the defendant has the initial burden of establishing either that there was no departure from accepted community standards of practice or that any alleged departure was not a proximate cause of the plaintiff's injuries (see Pinnock v Mercy Med. Ctr., 180 AD3d 1088, 1090; Stukas v Streiter, 83 AD3d at 25). "In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Wiater v Lewis, 197 AD3d 782, 783). "Once a defendant makes a prima facie showing, 'the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact' as [*2]to the elements on which the defendant met the prima facie burden" (Clarke v New York City Health & Hosps., 210 AD3d 631, 632, quoting Donnelly v Parikh, 150 AD3d 820, 822; see Stukas v Streiter, 83 AD3d at 24). "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Clarke v New York City Health & Hosps., 210 AD3d at 633, quoting Feinberg v Feit, 23 AD3d 517, 519).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting, among other things, the affirmation of an expert who opined that the defendants' failure to diagnose and treat the decedent's cardiac condition did not deviate from the accepted standard of medical care (see Murray v Central Is. Healthcare, 205 AD3d 1036, 1037; Wagner v Parker, 172 AD3d 954, 955).
In opposition, however, the plaintiff raised triable issues of fact by submitting the affirmation of an expert who opined, based upon his review of, inter alia, the decedent's medical records, among other things, that the decedent exhibited symptoms consistent with a myocardial infarction when he presented to the hospital emergency department, as well as a large scar from a prior cardiac surgery, and that the defendants departed from the accepted standard of medical care by failing to perform a cardiac workup on the decedent at that time (see Clarke v New York City Health & Hosps., 210 AD3d at 633). Contrary to the defendants' contention, the opinions of the plaintiff's expert were not vague or conclusory (see Ivey v Mbaidjol, 202 AD3d 1070, 1072; Maestri v Pasha, 198 AD3d 632, 635; Cox v Herzog, 192 AD3d 757, 759-760). Moreover, the plaintiff was not required to raise a triable issue of fact as to the element of proximate cause, as the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law as to that element (see Stukas v Streiter, 83 AD3d at 30-31).
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court