Neumann v Silverstein (2024 NY Slip Op 02712)

Neumann v Silverstein

2024 NY Slip Op 02712

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2020-00859
2020-07181
 (Index No. 511857/14)

[*1]Rebecca Neumann, etc., appellant, 
v
Michael L. Silverstein, etc., et al., respondents, et al., defendants.

Schwartz, Goldstone, Campisi & Kates, LLP (Joshua Annenberg, New York, NY, of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Daniel Lei and Daniel S. Ratner of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Kings County (Bernard J. Graham, J.), dated January 2, 2020, and (2) a judgment of the same court dated July 24, 2020. The order and judgment, insofar as appealed from, granted that branch of the motion of the defendants Michael L. Silverstein, Samuel D. Bender, Andrei Rebarber, Nathan S. Fox, Maternal Fetal Medicine Associates, PLLC, and Mount Sinai Hospital which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted against the defendants Nathan S. Fox and Maternal Fetal Medicine Associates, PLLC, and dismissed that cause of action insofar as asserted against the defendants Nathan S. Fox and Maternal Fetal Medicine Associates, PLLC.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, that branch of the motion of the defendants Michael L. Silverstein, Samuel D. Bender, Andrei Rebarber, Nathan S. Fox, Maternal Fetal Medicine Associates, PLLC, and Mount Sinai Hospital which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted against the defendants Nathan S. Fox and Maternal Fetal Medicine Associates, PLLC, is denied, and the medical malpractice cause of action insofar as asserted against the defendants Nathan S. Fox and Maternal Fetal Medicine Associates, PLLC, is reinstated; and it is further,
ORDERED that the appeal from the judgment is dismissed as abandoned; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the judgment must be dismissed as abandoned, as the plaintiff does not raise any argument in her brief with respect to her appeal from the judgment (see Pawelski v Osczepinski, 192 AD3d 1038, 1039; Castle Restoration & Constr., Inc. v Castle Restoration, LLC, 155 AD3d 678, 680; Delijani v Delijani, 100 AD3d 951, 952).
The plaintiff gave birth to her eighth child on June 27, 2012, by cesarean section. The [*2]infant was born prematurely at 28 weeks gestation. The plaintiff, as the mother and natural guardian of the infant, and individually, commenced this action, inter alia, to recover damages for medical malpractice. The plaintiff alleged that the defendants failed to timely diagnose and treat her preterm labor and, as a result of the premature birth, the infant sustained injuries, including cerebral palsy. In an order and judgment dated January 2, 2020, the Supreme Court, among other things, granted that branch of the motion of the defendants Michael L. Silverstein, Samuel D. Bender, Andrei Rebarber, Nathan S. Fox, Maternal Fetal Medicine Associates, PLLC (hereinafter MFMA), and Mount Sinai Hospital (hereinafter collectively the defendants) which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted against Fox and MFMA and dismissed that cause of action insofar as asserted against Fox and MFMA. The plaintiff appeals.
The Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted against Fox and MFMA. "The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Sunshine v Berger, 214 AD3d 1020, 1022 [internal quotation marks omitted]). "On a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant . . . has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (id. [internal quotation marks omitted]; see Clarke v New York City Health & Hosps., 210 AD3d 631, 632; Dye v Okon, 203 AD3d 702, 703). "Medical expert affirmations that fail to address the essential factual allegations in the plaintiff's complaint or bill of particulars fail to establish prima facie entitlement to judgment as a matter of law" (Garcia-DeSoto v Velpula, 164 AD3d 474, 474-475). Bare conclusory assertions that a defendant did not deviate from good and accepted medical practice, with no factual relationship to the alleged injury, do not establish that the cause of action has no merit so as to entitle a defendant to summary judgment (see Cerrone v North Shore-Long Is. Jewish Health Sys., Inc., 197 AD3d 449, 451; Garcia-DeSoto v Velpula, 164 AD3d at 474).
Here, the affirmation of the defendants' fetal medicine expert was insufficient to establish the absence of any departure from good and accepted medical practice by Fox and MFMA. The affirmation failed to eliminate triable issues of fact as to whether the plaintiff was in preterm labor on June 19, 2012, and whether the preterm delivery could have been prevented (see Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795, 797; Smarkucki v Kleinman, 171 AD3d 1118, 1119).
The defendants' failure to satisfy their prima facie burden requires the denial of that branch of the motion which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted against Fox and MFMA, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court