Rodriguez v Avshalumov (2025 NY Slip Op 03090)

Rodriguez v Avshalumov

2025 NY Slip Op 03090

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
PHILLIP HOM, JJ.

2022-05436
 (Index No. 517909/18)

[*1]Manuel Rodriguez, respondent, 
v
Stanislav Avshalumov, etc., et al., defendants, Interventional Physical Medicine & Rehabilitaion, P.C., et al., appellants.

Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Deirdre E. Tracey and Charles F. Hickerson of counsel), for appellants.
Harris Keenan & Goldfarb PLLC, New York, NY (Judith Stempler, Marla L. Stein, and Daniel Neiger of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Interventional Physical Medicine & Rehabilitation, P.C., and Rafael Abramov appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated June 1, 2022. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In March 2016, the plaintiff underwent an arthroscopic surgery on his right knee to correct an internal knee derangement. From March 2016 through August 2016, the plaintiff received postsurgical physical therapy from the defendant Rafael Abramov and other staff at Abramov's practice, the defendant Interventional Physical Medicine & Rehabilitation, P.C. (hereinafter together the defendants). In May 2017, the plaintiff presented to Saint Joseph's Medical Center with pain and swelling of the leg and was diagnosed with, inter alia, osteomyelitis, which eventually required, among other things, a bone graft procedure.
Thereafter, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice against, among others, the defendants. The plaintiff alleged, among other things, that the defendants failed to properly consider, diagnose, and treat an infection localized in his right knee, thereby causing him to suffer osteomyelitis and related damages. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated June 1, 2022, the Supreme Court denied the motion. The defendants appeal.
"A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (M.C. v Huntington Hosp., 175 AD3d 578, 579; see Friedman v Vitale, 224 AD3d 888, 890). "In order to sustain this prima facie [*2]burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Wiater v Lewis, 197 AD3d 782, 783; see Kielb v Bascara, 217 AD3d 756, 757). "If the defendant makes such a showing, the burden then shifts to the plaintiff to raise a triable issue of fact, but only as to those elements on which the defendant met its prima facie burden of proof" (Wiater v Lewis, 197 AD3d at 783; see Friedman v Vitale, 224 AD3d at 890). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Gardiola v Sung Chui Park, 229 AD3d 602, 603; see Feinberg v Feit, 23 AD3d 517, 519).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by submitting, inter alia, an affirmation of an expert who opined that the defendants did not deviate from the accepted standard of care in failing to consider, diagnose, and treat an infection in the plaintiff's knee, since there were no observable signs of infection, and the plaintiff's complaints of pain were consistent with normal postoperative recovery (see Kielb v Bascara, 217 AD3d at 757). The defendants' expert also opined that any alleged delay in considering, diagnosing, and treating the plaintiff's infection was not a proximate cause of the plaintiff's injuries (see Clarke v New York City Health & Hosps., 210 AD3d 631, 632-633).
In opposition, however, the plaintiff raised triable issues of fact by submitting an affirmation of an expert who opined, based upon a review of, among other things, the plaintiff's medical records, that the defendants deviated from the applicable standard of care in failing to consider, diagnose, and treat the plaintiff's infection in light of his consistent complaints of pain and the worsening condition of his knee during treatment (see Kielb v Bascara, 217 AD3d at 757). The plaintiff's expert also opined that the defendants' departure from the applicable standard of care was a proximate cause of the plaintiff's injuries, since antibiotic therapy would have been sufficient to eradicate the plaintiff's infection and prevent his eventual osteomyelitis had he been properly and timely diagnosed (see Santiago v Abramovici, 226 AD3d 720, 721; Friedman v Vitale, 224 AD3d at 891). Since the parties submitted conflicting medical expert opinions, summary judgment was not appropriate (see Gardiola v Sung Chui Park, 229 AD3d at 603; Macancela v Wyckoff Hgts. Med. Ctr., 176 AD3d 795, 798).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
GENOVESI, J.P., BRATHWAITE NELSON, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court