Theroux v Resnicow (2025 NY Slip Op 03292)

Theroux v Resnicow

2025 NY Slip Op 03292

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Webber, J.P., Gesmer, Rodriguez, Higgitt, O'Neill Levy, JJ. 

Index No. 154642/17|Appeal No. 4525|Case No. 2023-04831|

[*1]Justin Theroux, Plaintiff-Respondent,
v
Barbara Resnicow, etc., Defendant-Appellant, 71 Washington Place Owners, Inc., et al., Defendants.

Peter M. Levine, New York, for appellant.
Pryor Cashman LLP, New York (Bryan T. Mohler of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered August 30, 2023, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing plaintiff's claims for damages, unanimously affirmed, with costs.
Defendant, who is sued both in her individual capacity and as the executrix of the estate of her husband Norman J. Resnicow (Resnicow), failed to sustain her prima facie burden of showing that plaintiff cannot recover any of the damages he has alleged (see Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014]). Although defendant asserts that plaintiff cannot prove that defendant's conduct caused his damages, her assertion is defeated by Resnicow's own correspondence, in which he essentially admitted that his behavior was intended to damage plaintiff both financially and emotionally. Moreover, a member of the co-op board testified that Resnicow's actions delayed the approval process for the restoration of plaintiff's terrace by approximately one year. The credibility of that witness, and whether some or all of the delay would nevertheless have occurred despite Resnicow's actions, is for a jury to resolve. Also for a jury is whether there was a diminution in the rental value of plaintiff's unit, as plaintiff's experts are expected to testify. Under the circumstances, a jury could find that no qualified tenant would rent plaintiff's unit.
Furthermore, plaintiff is not limited to nominal damages, as repeated trespasses permit the recovery of consequential damages and damages for "discomfort and inconvenience" (see Julia Props. LLC v Levy, 137 AD3d 1224, 1226 [2d Dept 2016]; Volunteer Fire Assn. of Tappan, Inc. v. County of Rockland, 101 AD3d 853, 856 [2d Dept 2012]). The record offers sufficient evidence for a jury to conclude that Resnicow's documented, repeated trespasses on plaintiff's property, sometimes at night using a high-powered flashlight, caused discomfort and inconvenience to plaintiff.
Plaintiff's claim for damages due to emotional distress is not defeated by the absence of psychiatric or other medical treatment (see New York City Tr. Auth. v. State Div. of Human Rights., 78 NY2d 207, 216 [1991]). The record contains evidence that Resnicow attempted to make plaintiff's residency difficult by continually trespassing on his property, making false accusations about him to the co-op board, and impugning his character in the public eye through the tabloids. These actions, taken together and coupled with Resnicow's abusive and threatening behavior toward his wife and other tenants, could reasonably be found to be fear-inducing (see e.g. Dixon v New York Trap Rock Corp., 293 NY 509, 514 [1944]).
Plaintiff's punitive damages claim is not subject to dismissal at this stage, as the record contains evidence that the multiple occasions of trespass were motivated by malice (see Hoffman v Babad, 187 AD3d 542, 542-543 [1st Dept 2020]; see also Doin v Champlain Bluffs Dev. Corp., 68 [*2]AD3d 1605, 1613-1614 [3d Dept 2009], lv dismissed 14 NY3d 832 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025