Thakur v Barriac (2026 NY Slip Op 01814)

Thakur v Barriac

2026 NY Slip Op 01814

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2020-08846
 (Index No. 18419/13)

[*1]Zahida Thakur, etc., appellant, 
vFiona Barriac, etc., et al., respondents.

Morelli Law Firm, PLLC, New York, NY (Sara A. Mahoney of counsel), for appellant.
Yoeli Gottlieb & Etra LLP, New York, NY (Matthew E. Yoeli of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated September 22, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On October 17, 2011, at approximately 1:00 a.m., Suhail Thakur (hereinafter the decedent) presented to the emergency department of the defendant Maimonides Medical Center (hereinafter MMC) complaining of, among other things, neck pain radiating to the right shoulder, giddiness, and dizziness and was treated by the defendant Fiona Barriac. After certain medical testing and treatment, Barriac discharged the decedent from MMC, at approximately 6:30 a.m., with a diagnosis of rotator cuff syndrome. When the decedent's family arrived at approximately 7:00 a.m., the decedent's wife, the plaintiff, Zahida Thakur, and son reported that they believed the decedent had an altered mental state. Thereafter, two previously unseen Fentanyl patches were discovered on the decedent's back, which the decedent stated he had forgotten were there. The patches were removed, and Barriac determined that the Fentanyl patches explained the decedent's altered mental state. The decedent was driven home and placed in bed, where he was found unresponsive at approximately 4:00 p.m. and was thereafter pronounced dead. Thereafter, the medical examiner performed a toxicology study of the decedent; however, due to religious reasons, no autopsy was performed, and the decedent's death certificate states no cause of death.
In October 2013, the plaintiff commenced this action against the defendants, inter alia, to recover damages for medical malpractice. The plaintiff alleged, among other things, that the defendants misdiagnosed the decedent's heart condition, overmedicated the decedent with opiates, and failed to rule out or treat sepsis, meningitis, and pneumonia. In October 2019, the defendants moved for summary judgment dismissing the complaint. In an order dated September 22, 2020, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (Rodriguez v Avshalumov, 238 AD3d 1082, 1083 [internal quotation marks omitted], quoting M.C. v Huntington Hosp., 175 AD3d 578, 579; see Friedman v Vitale, 224 AD3d 888, 890). "In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Rodriguez v Avshalumov, 238 AD3d at 1083 [internal quotation marks omitted], quoting Wiater v Lewis, 197 AD3d 782, 783; see Kielb v Bascara, 217 AD3d 756, 757).
"'If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof'" (Connolly v Sanders, 239 AD3d 594, 595, quoting Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 860). "Although conflicting expert opinions may raise credibility issues which can only be resolved by a jury, expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Wagner v Parker, 172 AD3d 954, 955 [citation omitted]). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (id. [internal quotation marks omitted]). "An expert opinion that is contradicted by the record cannot defeat summary judgment" (id. [internal quotation marks omitted]).
Here, the Supreme Court properly determined that the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint through the affidavit of their expert, who averred that, based upon his review of the decedent's medical records, the defendants did not proximately proximate cause the decedent's death. The defendants' expert specifically discussed all of the potential causes of death raised in the plaintiff's bills of particulars. In opposition, the plaintiff failed to raise a triable issue of fact. The opinion of the plaintiff's expert was conclusory and failed to rebut the specific assertions made by the defendants' expert regarding proximate cause (see Tsitrin v New York Community Hosp., 154 AD3d 994, 996).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court