Fuentes v Simmons

2026 NY Slip Op 02631

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Marisol Fuentes, appellant,

v

Cassandra B. Simmons, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2022-02496, (Index No. 69776/18)

Cheryl E. Chambers, J.P.

Deborah A. Dowling

James P. McCormack

Susan Quirk, JJ.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.

Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Alejandra R. Gil and Daniel S. Ratner of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated March 7, 2022. The order, insofar as appealed from, granted the motion of the defendant Cassandra B. Simmons for summary judgment dismissing the complaint insofar as asserted against her.

ORDERED that the order is affirmed insofar as appealed from, with costs.

On October 11, 2016, the defendant Cassandra B. Simmons performed a cystectomy on the plaintiff at the defendant White Plains Hospital (hereinafter the hospital). The plaintiff was admitted to the hospital for postoperative care, and, on October 17, 2016, during an exploratory laparotomy, two perforations were discovered in the plaintiff's small bowel.

The plaintiff commenced this action, inter alia, to recover damages for medical malpractice and lack of informed consent against Simmons, among others, alleging, among other things, that Simmons was negligent in performing the surgery on October 11, 2016, and in perforating the plaintiff's small bowel during that surgery. Thereafter, Simmons moved for summary judgment dismissing the complaint insofar as asserted against her. In an order dated March 7, 2022, the Supreme Court, inter alia, granted Simmons's motion. The plaintiff appeals.

"The elements of a medical malpractice cause of action are a deviation or departure from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Kielb v Bascara, 217 AD3d 756, 756 [internal quotation marks omitted]; see DiLorenzo v Zaso, 148 AD3d 1111, 1112). "To prevail on a motion for summary judgment in a medical malpractice action, the defendant has the initial burden of establishing either that there was no departure from accepted community standards of practice or that any alleged departure was not a proximate cause of the plaintiff's injuries" (Kielb v Bascara, 217 AD3d at 756). "Once a defendant makes a prima facie showing, 'the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact' as to the elements on which the defendant met the prima facie burden" (Clarke v New York City Health & Hosps., 210 AD3d 631, 632, quoting Donnelly v Parikh, [*2]150 AD3d 820, 822). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Wijesinghe v Buena Vida Corp., 210 AD3d 824, 825 [internal quotation marks omitted]).

Here, Simmons established her prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against her by submitting, among other things, an affirmation of her medical expert, the plaintiff's medical records, and transcripts of deposition testimony. This evidence demonstrated, prima facie, that Simmons did not depart from the applicable standard of care and that any alleged departures were not a proximate cause of the plaintiff's alleged injuries (see id. at 826; Keun Young Kim v Lenox Hill Hosp., 156 AD3d 774, 775).

In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert failed to address specific assertions made by Simmons's expert and was otherwise conclusory and speculative (see Iodice v Giordano, 170 AD3d 971, 972-973; Keun Young Kim v Lenox Hill Hosp., 156 AD3d at 775).

Simmons also established, prima facie, her entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent insofar as asserted against her. To establish a cause of action for malpractice based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to inform the patient of reasonably foreseeable risks and benefits associated with the treatment, and the alternatives thereto, that a reasonable medical practitioner would have disclosed under similar circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury (see Public Health Law § 2805-d; Xiao Yan Ye v Din Lam, 191 AD3d 827, 829; Schussheim v Barazani, 136 AD3d 787, 789). The mere fact that a plaintiff signs a consent form does not establish a defendant's prima facie entitlement to judgment as a matter of law (see Xiao Yan Ye v Din Lam, 191 AD3d at 829; Schussheim v Barazani, 136 AD3d at 789).

Here, Simmons made a prima facie showing of her entitlement to judgment as a matter of law dismissing the lack of informed consent cause of action insofar as asserted against her through the affidavit of her expert, the plaintiff's medical records, transcripts of deposition testimony, and a written consent form signed by the plaintiff, which demonstrated that Simmons disclosed to the plaintiff the risks, benefits, and alternatives to the procedure (see Larcy v Kamler, 185 AD3d 564, 566; Wright v Morning Star Ambulette Servs., Inc., 170 AD3d 1249, 1251).

In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the allegation of her expert, that the procedure performed by Simmons exceeded the scope of the plaintiff's consent because Simmons failed to properly inform the plaintiff "of the low malignancy risk against the high risk of injury," was a new theory that was not discernable from the pleadings or deposition testimony and, therefore, was not entitled to be considered (see Larcy v Kamler, 185 AD3d at 566; Anonymous v Gleason, 175 AD3d 614, 617). In any event, the plaintiff's expert's affirmation offered merely conclusory and speculative statements that failed to raise a triable issue of fact and failed to address or rebut the specific assertions of Simmons's expert that Simmons had obtained the plaintiff's informed consent (see Iodice v Giordano, 170 AD3d at 973).

Accordingly, the Supreme Court properly granted Simmons's motion for summary judgment dismissing the complaint insofar as asserted against her.

CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court