Campisi v Lutheran Med. Ctr.

2026 NY Slip Op 02623

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Marie Campisi, respondent,

v

Lutheran Medical Center, et al., appellants, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2021-01996, (Index No. 518449/16)

Cheryl E. Chambers, J.P.

Deborah A. Dowling

James P. McCormack

Susan Quirk, JJ.

Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol and Argiro Drakos of counsel), for appellant Steven Athanail.

Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker and Jacob L. Bentley of counsel), for appellant Lutheran Medical Center.

Ressler & Ressler, New York, NY (Bruce J. Ressler of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for medical malpractice, the defendant Steven Athanail appeals, and the defendant Lutheran Medical Center separately appeals, from an amended order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated February 25, 2021. The amended order, insofar as appealed from by the defendant Steven Athanail, denied that branch of that defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against him. The amended order, insofar as appealed from by the defendant Lutheran Medical Center, denied that branch of that defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against it.

ORDERED that the amended order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the separate motions of the defendants Steven Athanail and Lutheran Medical Center which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against each of them are granted.

On May 1, 2016, the plaintiff, who had a history of C. difficile colitis and diverticulitis, presented to the emergency department of the defendant Lutheran Medical Center (hereinafter Lutheran) with chief complaints of abdominal pain and vomiting. A CT of the plaintiff's abdomen was performed, which revealed "persistent colonic wall thickening and inflammation involving the distal descending and proximal sigmoid colon" consistent with colitis, acute diverticulitis, and neoplastic lesion. The plaintiff was admitted to Lutheran under the care of the defendant Steven Athanail, an attending physician, diagnosed with diverticulitis and recurrent C. difficile colitis, and treated with antibiotics. The plaintiff reported improving symptoms, including decreasing abdominal pain and increased bowel movements. She was discharged from Lutheran on May 4, 2016, at which time she was tolerating a regular diet, was pain free, and had no diarrhea or fever. Thereafter, on May 20, 2016, the plaintiff presented to Maimonides Medical Center, where a CT of her abdomen revealed an "obstruction at the distal sigmoid colon with perforation," necessitating an emergency laparotomy, among other treatments.

The plaintiff subsequently commenced this action against, among others, Athanail and Lutheran, inter alia, to recover damages for medical malpractice, alleging that Athanail and Lutheran failed to timely diagnose and treat the perforation of the plaintiff's colon. Athanail and Lutheran separately moved, among other things, for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against each of them. In an amended order dated February 25, 2021, the Supreme Court, inter alia, denied those branches of the separate motions. Athanail appeals, and Lutheran separately appeals.

"In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff" (Mattocks v Ellant, 231 AD3d 813, 815 [internal quotation marks omitted]; see Wijesinghe v Buena Vida Corp., 210 AD3d 824, 825). "'Once a defendant makes a prima facie showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden'" (Kielb v Bascara, 217 AD3d 756, 757 [internal quotation marks omitted], quoting Clarke v New York City Health & Hosps., 210 AD3d 631, 632). "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions. Such credibility issues can only be resolved by a jury'" (Harris v Montefiore Med. Ctr., 240 AD3d 762, 763, quoting Gupta v Lescale, 224 AD3d 668, 669). "However, a medical expert's opinion does not raise a triable issue of fact if it is 'conclusory, speculative, or unsupported by the record'" (id., quoting McHale v Sweet, 217 AD3d 666, 668). "'In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (Wijesinghe v Buena Vida Corp., 210 AD3d at 825, quoting Tsitrin v New York Community Hosp., 154 AD3d 994, 966; see Templeton v Papathomas, 208 AD3d 1268, 1270-1271).

Here, in opposition to Athanail's and Lutheran's prima facie showings that there was no departure or deviation from the accepted standard of care in diagnosing and treating the plaintiff at Lutheran, the plaintiff failed to demonstrate the existence of a triable issue of fact. The affirmation of the plaintiff's expert submitted in opposition to the separate motions offered merely conclusory and speculative assertions that Athanail and Lutheran departed from the accepted standard of care in failing to perform an exploratory laparatomy or laparascopy during the plaintiff's admission at Lutheran between May 1, 2016, and May 4, 2016, and otherwise failed to address the specific assertions made by Athanail's and Lutheran's respective experts (see Harris v Montefiore Med. Ctr., 240 AD3d at 763; McHale v Sweet, 217 AD3d at 668; Blau v Benodin, 190 AD3d 922). Accordingly, the Supreme Court should have granted those branches of the separate motions of Athanail and Lutheran which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against each of them.

The remaining contentions of Athanail and Lutheran either are without merit or need not be reached in light of our determination.

CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court